# Brown *v.* Prude.

*Action for Money Had and Received.*

1. *Record of suit admissible evidence.*—In an action to recover money, the proceeds of a check payable to plaintiff and endorsed by him because of alleged misrepresentations of defendant, which proceeds were claimed by the latter as a payment for services in effecting the compromise of a chancery suit between plaintiff and other parties, the record of the chancery suit, including subpœnas, is relevant evidence to show there was a suit, and the nature and magnitude of the litigation.

2. *Evidence of services performed by agent admissible.*—There being testimony tending to show that defendant was the agent of plaintiff in effecting a certain compromise with the owners of a land company, testimony of the attorney of the latter that he dealt with defendant as the agent of the opposing party, concluded the settlement with him alone, and of the nature and extent of the service performed by defendant, is relevant to the issue.

[Brown v. Prude.]

3. *Evidence rebutting double agency.*—There being a contention that the defendant had acted as the agent of both parties, and was therefore not entitled to compensation, testimony tending to disprove such charge and to show that certain moneys received by him were paid because of other services, is admissible.

4. *Opinion as to value.*—An attorney who has practiced law many years may properly be allowed to state his opinion of the value of the services rendered by a person in effecting the settlement of a litigated case.

5 *Statements introductory to testimony admissible.*—It is not error to refuse to strike out of the written admission of what an absent witness would swear, statements merely introductory of what the witness proposes to swear, not raising irrelevent issues.

6. *Hearsay evidence inadmissible.*—It is competent to prove that a witness for the opposite party is counsel for him in the cause on trial, but the sta ements of the attorney to a third party that he was retained as counsel, are hearsay and inadmissible.

7. *Irrelevant matters inadmissible.*—The issue in the cause on trial being whether an agent was entitled to compensation for services rendered his principal in effecting the settlement of litigation between the principal and a land company, it is error to allow a witness who was a stockholder in the latter to testify as to the amount of stock for which he had subscribed, the amount he paid for the same, and that he had sold the stock before the settlement.

APPEAL from Tuskaloosa Circuit Court.

Tried before Hon. S. H. SPROTT.

The complaint contained the common counts. The contention on the part of the plaintiff was that the defendant had, without authority, appropriated to his own use $1,000, the proceeds of a check drawn payable to plaintiff's order, and which defendant had deceitfully or fraudulently procured plaintiff to indorse in blank. The defendant contended that the indorsement by the plaintiff and the collection and retention of the money by him were in pursuance of a contract between them, whereby he was to receive the said sum of $1,000, for services in effecting the settlement of certain litigation in which the plaintiff was engaged with the Graystone Land Company, provided he, the defendant, could get that much from the adverse parties in litigation over and above plaintiff's terms of settlement.

The assignments of error based on rulings on the introduction of testimony number eighty-four, most of which are founded on objections to each separate paragraph in the record of the chancery suit, and to each separate subpoena, of which there are twenty-four, each of which is set out *in extenso*, in the assignments of error.

FOSTER & JONES, for appellant. No brief came to the hands of the Reporter.

[Brown v. Prude.]

HARGROVE & VANDEGRAFF, for appellee, insisted that the objections to evidence not assigning grounds of objection, were not available, citing *White v. Craft*, 91 Ala. 142; *Tuskaloosa Oil Co.*, 85 Ala. 164; *Giddens v. Bolling*, 92 Ala. 589, and other cases; that the connection of Hill with the Land Company was competent to show bias : *Yarborough v. State*, 71 Ala. 376; *Mason v. Ala. Iron Co.*, 73 Ala. 270.

STONE, C. J.—In June, 1887, the Graystone Land Company, a newly organized corporation, purchased 1446 acres of land from S. D. Brown, and received a conveyance from him. It paid in cash one-fourth of the purchase-money, and executed interest-bearing notes for the remaining three-fourths—something over $16,000. It also executed a mortgage, re-conveying the lands to secure the deferred payments. The capital stock of the corporation was $25,000, one-fourth of which was paid in when the company was organized. The remaining three-fourths were left unpaid.

About September, 1889, the credit part of the purchase-money remaining unpaid, Brown filed a bill to foreclose the mortgage and to enforce payment of the balance due him. The corporation and the stockholders were made defendants, and were severally served with process. At this stage of the proceedings propositions for a compromise were submitted, which were after considerable delay, consummated; and nothing was further done with the chancery suit. By the compromise all right to the land, including the equity of redemption, was conveyed and surrendered back to Brown, all claim to have the cash payment refunded given up, the capital stock of the corporation all cancelled, and the bill dismissed at the cost of the stockholders, they assuming and paying the fees to Brown's solicitors, and all other expenses connected with the litigation. They also paid one thousand dollars, which sum is the subject of the present suit.

In the conduct of the negotiation ending in the compromise, Prude, defendant below and appellee here, took an active part; possibly the most active of all the participants. He claims, and undertook to prove by his own and other testimony, that in all he did in this connection he was the agent and representative of Brown, and that by the terms of the agreement between him and Brown he was entitled to this thousand dollars. He had received this sum through a check payable to Brown, and indorsed by him. Brown denied that Prude was his agent in the compromise, and attempted to prove that he, Prude, represented the Graystone Land Company, and was not entitled to compensation from

41-97,

him, Brown. In their testimony they differed very widely, but this presented a question for the jury, and not for us. All the questions presented for our consideration arose on the admission and rejection of testimony, as no exceptions were reserved to the charge of the court.

It will be seen from the statement we have made that the questions presented for the jury's consideration were, First, whether Prude, in the compromise proceedings, was agent and representative of Brown, or of the land company; Second, whether by the terms of the agreement between Brown and Prude, if one was made, Prude was entitled to the thousand dollars; and, Third, if the proof fails to show such specific agreement, then, if Prude was the agent and represented Brown, what were his services worth. Any legal testimony tending proximately to prove, or disprove, either of these propositions was competent.

The record of Brown's chancery suit against the corporation was competent for two purposes; first, to show that there was a suit, which furnished a subject for the compromise; and, second, as showing the nature and magnitude of the litigation, a material factor in determining the proper compensation for effecting its compromise. The subpœnas were probably not necessary to a correct understanding of the nature and magnitude of the suit; but they were part of the record, and the court committed no reversible error in receiving them in evidence. They could not possibly do the plaintiff any harm.

The testimony of the witness, S. A. M. Wood, was legal and competent in three aspects of the contention. First, he testified that Prude, in the negotiation, represented Brown, and did not represent the corporation or the stockholders; that he, Wood, represented the latter, dealing at arms length with Prude, and that the compromise was concluded between them, and alone between them, representing the opposing interests. Second, he gave testimony, tending to disprove the charge that Prude had received compensation from the stockholders for services rendered in the compromise. And, third, he gave his opinion as an attorney of the value of Prude's services in effecting the compromise.

In the statement of Wood's testimony, there are found one or two expressions which are simply introductive of a subject about which he proposed to testify. This occurs very frequently in the examination of witnesses in court; and to the extent such statements do not bring in irrelevant subjects and issues, they can not do any possible injury. We find nothing in his testimony which introduced irrele-

[Darby v. Berney National Bank.]

vant facts, and the Circuit Court did not err in overruling the motions to exclude parts of his testimony.

Inasmuch as the witness Wood had been examined for the defendant, we will not say it was not competent for plaintiff to prove he was Prude's retained counsel in this case. Such relation, like blood-connection, may be considered in weighing testimony. It cannot, however, be proved by hearsay. It was not competent for the witness Hill to prove that Wood told him he had been retained by Prude. The Circuit Court erred in receiving this testimony.

The defendant, against the objection of plaintiff, was allowed to prove by the witness Hill that he, Hill, had owned fifteen shares in the Graystone Land Company, that he had paid 25 per cent. on his subscription, and that he had sold his stock before the compromise was effected. We are not able to perceive any relevancy of these facts to the issue before the jury, or that they could, in the slightest degree, furnish any ground for discrediting, or imputing bias to the testimony witness had given in favor of plaintiff. It was collectively and severally irrelevant, and should have been excluded.

Reversed and remanded.